Opinion of the Court.
ON the 7th of November 1817, an agreement in writing, subscribed with the names of Clay and Grubbs, was entered into, whereby the parties became partners for the term of five years, commencing the first of January next succeeding, in certain species of property in the said writing specified. Among other things, Clay agreed to furnish two negroes, Levin and Hampshire; and in case of the death or disability of any of the negroes to be furnished by Clay, their number was to be kept up by others to be furnished by Clay. Grubbs was to furnish as many hands on his part, or on failure to do so, he was to pay Clay, at the end of each year, an equivalent for what should be furnished by Clay above that which might be furnished by him. The hands were to be clothed, found in all things necessary, and their taxes paid, by the partnership concern. Grubbs was to have the entire command and management of the negroes and other property incident to the partnership concern ; and bound himself to superintend and manage the affairs of the firm, to the best of his ability and judgment. Each party was to be equal in the gain and loss, and the profits to be divided at the end of each year.
The negroes which Clay undertook to furnish, were accordingly delivered ; but, some time after the commencement of the term, two of the negroes, Levin and Hampshire, returned to Clay’s, and he refused, when applied to by Grubbs, to permit them to be again taken by Grubbs. Grubbs then brought this action on *223 the case against Clay, to recover damages for the detention of those negroes.
An action on the case, will not lie on an unsealed covenant, executed since the act raising such instruments to the dignity of specialties, took effect.
1 Dig. 264.
No action on the case, will lie by one partner against another, for detaining the slaves designated to work in the partnership concern; where the partnership is by covenant in writing, the action ought to be on the covenant, and for a violation of it.
1. The main question for the decision of this court, is, can Grubbs, under these circumstances, maintain the action? We think not. For any violation of the stipulations contained in the agreement between the parties, there is no doubt, an action might be maintained against the party committing the breach; but the action should, in that case, be an action of covenant on the agreement, and not an action on the case; for although not sealed, the writing containing the agreement must assume the dignity of a deed, as it was entered into since the passage of the act of this country, placing unsealed writings on the same footing of sealed writings; and for a breach of any stipulation contained in a sealed writing, no action on the case can be sustained. Were Grubbs the sole and exclusive proprietor of the negroes, it would be admitted, that an action on the case could be sustained against Clay, for withholding their possession; but it is equally certain, that if, when the negroes were detained by Clay, he held an interest in them as the partner of Grubbs, no action on the case can be maintained against him for their detention ; for it has not only been held by this court, that for the taking of the exclusive possession of property belonging to the partnership firm, by one partner, no action can be maintained by the other, unless there be an actual destruction of the property; but so pointed are the authorities against the maintaining of any action at law, by one partner against his co-partner, for any thing relating to the partnership concern, that it may be asserted as a general principle, that no such action can be maintained, except there be an actual destruction of the thing, or the action be founded on an express agreement between the partners. And that Clay held an interest in the negroes, as partner, when they were detained by him, admits of no controversy. By the express terms of the written agreement, the parties recognize themselves as partners, and they agree to be equal in the profit and loss of the concern; and whenever the profit and loss are to be equal, those concerned are emphatically partners.
The general principle was not, however, contested in argument ; but a distinction was attempted to be *224 maintained between this case and the common case of a partnership.
Although there is in the articles of partnership, a stipulation that all the slaves are to be under the entire control and management of the partner who sues for their detention, the principle is the same.
2. It was contended, that partners usually have equal right to the possession of the property relating to the concern ; whereas, by the agreement of the parties in this case, Grubbs was to have the entire command and management of the negroes ; and, whilst it was conceded, that in ordinary cases of partnership, one partner cannot maintain an action against his co-partner, for detaining the possession of the property belonging to the concern, it was urged, as the reason why it could not, that each partner had equal right to the possession of the property ; and it was insisted, that as Grubbs was entitled to the exclusive management of the negroes, though Clay was entitled to an equal interest in the profits, the reason which controls ordinary cases of partnership, does not apply, and that the action ought to be sustained.
The distinction taken in argument, cannot, however, be sustained. It is true, in ordinary cases of partnership, each partner has equal right to the possession; but it is not true, that the inability of either to sue his partner, results exclusively from that circumstance. It results, more properly, from the peculiar interest which each has in the property and its profits, and the superior power which a court of equity is supposed to possess over a court of law, to adjust and settle the transactions of the concern. If, in consequence of Grubbs being entitled to the entire management of the negroes, he could maintain this action, it would be difficult to assign a satisfactory reason, why the action could not be maintained, if both Clay and Grubbs had equal right to the possession for the benefit of the partnership concern ; for the only injury which Grubbs can have sustained by the detention of the negroes by Clay, is the diminution of the profits which might otherwise have been made; and as the profits were to be equally divided between him and Clay, the damage would have been precisely the same to Grubbs, if Clay had possessed equal right with him to the possession, and instead of employing the negroes in the purposes of the partnership concern, had withdrawn them from that object and employed them in other business.
It results, that the verdict in favor of Grubbs ought, on the motion which was made by Clay for that purpose, *225 to have been set aside; and consequently, the judgment must be reversed with costs, and the cause remanded to the court below, and proceedings there had, not inconsistent with the principles of this opinion.